Johnson, C. J. This is a motion to set aside the supersedeas heretofore granted. The ground, upon which the supersedeas was claimed and granted, was, that it appeared, from the certificate of the clerk, that the decree, though rendered by the court in term time, was not written out and spread upon the record until after the adjournment of the court. The decree, contained in the transcript before us, is regular upon its face; and consequently the only question to be decided is, whether the statement of the clerk is to be admitted to vary or explain his official certificate. He has certified “that the preceding ninety-nine pages contain a full and complete transcript of the record and proceedings in the cause therein mentioned,” and then he proceeds with a statement that the decree rendered in said cause on the 24th of October, A. D. 1848, was made by the court, and that he was directed to enter it upon the record of the court as of that day, under the direction of a solicitor of the court, as he did not know how to do it himself, but that the same was not spread upon the record until after the adjournment of the court and that the day’s proceedings embracing the decree, have since been spread upon the record, and approved and signed by the Hon. George Conway, judge of said court. The clerk has certified that the ninety-nine pages preceding his certificate contain a full and complete transcript of the record and proceedings in the cause. This certificate is a strict compliance with the law, and all that he subsequently stated by way of explanation is merely gratuitous, and consequently cannot be recognized by this court as possessing the force and verity of an official act. It is mere surplusage, and must be rejected as constituting no part of the evidence requisite to authenticate the record. The clerk having certified the transcript in strict legal form, if the record be diminished, the party aggrieved is entitled to a writ of certiorari to have it made perfect, or if,'on the contrary, it contains more than actually transpired before the court, the party injured is not without his remedy. It has been objected against the decree, that it is void in consequence of a failure of the judge to sign the proceedings of the day on which it was rendered and entered upon the record. This objection, though it should be true in fact, of which we are not at present advised, could not invalidate the record in case decree was actually pronounced and entered upon the record in term time. The statute does not require the record to be. signed every morning by the judge, and even if it did, the omission to do so would not produce the result contended for by the defendant. The 9th sec. of the 50th chap, of the Digest directs that “full entries of the orders and proceedings of all courts of record of each day shall be read in open court, on the morning of the succeeding day, except on the last day of the term, when the minutes shall be read and signed at the rising of the court.” The provision of the Alabama statute is precisely the same in substance as our own, and the supreme court of that State decided, that a failure of the judge to sign the final adjourning order, would not invalidate the proceedings had during the term. The statute of Alabama declares “that the records of the respective courts within this State for each preceding day of every session shall be read in open court, in the morning of the succeeding day, except on the last day of the term, on which day they shall be signed by the judge presiding in said court.” The court, in’reference to this provision, said, “but as this act is merely directory and does not declare the record invalid, if either the reading or signing is omitted, we cannot arrive at the conclusion that it was intended to make these formalities essential.” The clerk is the proper custodian of the records, and to him is confided the care of making them in proper form'. The courts necessarily must possess the supervising powers to examine into and correct the errors which may occur. Full credence is to be given to the official acts of the clerk, yet if there should be reason to suppose that mistakes or omissions have been made in the course of completing any record, it is within the power of the proper court to rectify them, and place the record in its proper condition. At the same time that we give it as our opinion, that a failure or even a refusal to sign the record, would not invalidate the proceedings of the court, we will unhesitatingly say that it would be gross negligence in the judge, and such as to subject him to the severest animadversion. We are, therefore, of opinion that the writ of supersedeas was improperly granted, and that consequently it ought' to be set aside. The writ of supersedeas heretofore issued is therefore set aside. •